UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AARON BOSTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-3643** |
| **CHRIS STINSON, WARDEN** | **SECTION "A" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.    Factual and Procedural Background

The petitioner, Aaron Boston ("Boston"), is a convicted inmate currently incarcerated in the Madison Parish Correctional Center in Tallulah, Louisiana.[2] On March 21, 2011, Boston was charged by Bill of Information in Jefferson Parish as a felon in possession of weapon.[3] Boston entered a plea of guilty as charged on July 26, 2012.[4] At a hearing held on August 2, 2012, the Trial Court denied Boston's request to withdraw the guilty plea and sentenced him to serve twenty

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered through due diligence, or the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 4.

[3]St. Rec. Vol. 1 of 6, Bill of Information, 3/21/11.

[4]St. Rec. Vol. 1 of 6, Plea Minutes, 7/26/12; Plea Transcript, 7/26/12; Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty, 7/26/12; Plea Transcript, 7/26/12.

years in prison at hard labor.[5]   The Court later denied Boston's motion to reconsider the sentence and his motion to amend or modify the sentence.[6]

Several months later, on April 3, 2013, Boston signed and submitted to the Trial Court an application for post-conviction relief asserting the following grounds for relief:[7] (1) The guilty plea was unlawfully induced and not voluntarily made because his counsel said he could get him the minimum sentence; and (2) Counsel provided ineffective assistance by forcing him to enter the guilty plea and refused to help him try to withdraw the guilty plea.   After receiving an opposition from the State, the Trial Court denied the application on November 18, 2013, as meritless.[8]

Boston sought review of this ruling in the Louisiana Fifth Circuit, and on February 20, 2014, the Court denied the application as untimely, also noting other procedural errors including Boston's failure to file a notice of intent in the trial court record.[9]   However, the record reflects that, on December 22, 2013, Boston had signed and submitted a notice of intent to the Trial Court.[10] On February 19, 2014, the Trial Court granted Boston through March 28, 2014, to file a writ application with the Louisiana Fifth Circuit challenging the November 18, 2013 denial of his application for post-conviction relief, which he did file.[11]

---

[5] St. Rec. Vol. 1 of 6, Sentencing Minutes, 8/2/12; Sentencing Transcript, 8/2/12.

[6] St. Rec. Vol. 1 of 6, Motion for Reconsideration of Sentence, 8/22/12; Trial Court Order, 8/21/12; Motion to Amend or Modify Sentence, 10/12/12; Trial Court Order, 11/20/12.

[7] St. Rec. Vol. 2 of 6, Uniform Application for Post-Conviction Relief, 4/8/13 (dated 4/3/13).

[8] St. Rec. Vol. 2 of 6, Trial Court Order, 11/18/13; State's Opposition, 6/27/13; Trial Court Order, 5/29/13.

[9] St. Rec. Vol. 2 of 6, 5th Cir. Order, 14-KH-36, 2/20/14.

[10] St. Rec. Vol. 2 of 6, Notice of Intent, 12/27/13 (dated 12/22/13).

[11] St. Rec. Vol. 2 of 6, Trial Court Order, 2/19/14.

This time, the Louisiana Fifth Circuit granted Boston's writ application for the limited purpose of transferring it to the Trial Court to be treated as a request for leave to file an out-of-time appeal.[12] Upon receiving the pleading, on April 17, 2014, the Trial Court granted the motion for leave to file the out-of-time appeal, appointed him counsel, and set a return date.[13]

On appeal, Boston's appointed counsel asserted that the Trial Court erred in denying his request to withdraw the guilty plea based on his counsel's failure to properly investigate and advise him concerning his potential exposure to a multiple offender bill if he was found guilty at trial.[14] On December 16, 2014, the Louisiana Fifth Circuit affirmed Boston's conviction and sentence finding no merit to the claim challenging the denial of the motion to withdraw the guilty plea.[15] However, the Court also indicated that, to the extent Boston's counsel meant to also assert a claim of ineffective assistance of trial counsel for failing to discover and understand the multiple offender status, the Court declined to consider the issue noting that any such claim should be raised on post-conviction review.

Boston's conviction and sentence became final thirty (30) days later, on January 15, 2015, because he did not seek rehearing or timely[16] review in the Louisiana Supreme Court. *Butler v. Cain*, 533 F.3d 314 (5th Cir. 2008) (appeal is final when the state defendant does not timely proceed to the next available step in an appeal process) (citing *Roberts v. Cockrell*, 319 F.3d 690,

---

[12]St. Rec. Vol. 2 of 6, 5th Cir. Order, 14-KH-159, 3/20/14.

[13]St. Rec. Vol. 2 of 6, Trial Court Order, 4/17/14.

[14]St. Rec. Vol. 6 of 6, Appeal Brief, 14-KA-0632, copy dated 9/18/14.

[15]*State v. Boston*, 167 So.3d 82 (La. App. 5th Cir. 2014); St. Rec. Vol. 6 of 6, 5th Cir. Opinion, 14-KA-632, 12/16/14.

[16]Under La. S. Ct. R. X§5, petitioner had thirty (30) days from the issuance of the state appellate court's decision to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do.

694-95 (5th Cir. 2003)); *see also*, *Jiminez v. Quarterman*, 555 U.S. 113, 121 (2009) (a state defendants conviction is not final for purposes of seeking federal habeas review until the conclusion of the out of time appeal process).

On January 20, 2015, the Louisiana Supreme Court received and filed Boston's related writ application, which was postmarked on January 16, 2015.[17] In this pleading, Boston urged the Louisiana Supreme Court to order that his guilty plea be withdrawn based on the same arguments asserted by his counsel on direct appeal. The Court denied the application on January 8, 2016, without stated reasons.[18]

## II. **Federal Petition**

On May 16, 2016, following correction of certain deficiencies, the Clerk of Court filed Boston's federal petition for habeas corpus relief in which he asserted the following grounds for relief:[19] (1) the Trial Court erred by denying the motion to withdraw the guilty plea because (a) the probable cause for his arrest was linked to a deceased witness killed four years before the alleged crime, (b) the State knowingly relied on false testimony at the preliminary hearing, (c) in entering the plea, he relied on the confused and misleading advice of his counsel, and (d) the Trial Court did not make an adequate inquiry into Boston's alleged innocence as a basis for the motion to withdraw the plea; (2) he received ineffective assistance of counsel when (a) he was induced into entering the guilty plea when counsel knew the arrest was predicated on a deceased witness, (b) counsel failed to object to the false and perjured testimony presented at the preliminary hearing,

---

[17]St. Rec. Vol. 6 of 6, La. S. Ct. Writ Application, 15-KH-155, 1/22/15 (postmarked 1/16/15); *see also*, Supplement to Writ Application, 15-KH-155, 2/20/15; St. Rec. Vol. 3 of 6, La. S. Ct. Letter, 2015-KH-155, 1/22/15.

[18]*State ex rel. Boston v. State*, 184 So.3d 691 (La. 2016); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2015-KH-0155, 1/8/16.

[19]Rec. Doc. No. 4.

4

(c) counsel failed to file any pretrial motions challenging the State's allegations against petitioner, including motions to suppress the evidence and statements, and (d) counsel failed to challenge the probable cause evidence offered by the State; (3) he was arrested without probable cause; and (4) he is the victim of false imprisonment and malicious prosecution based on the false identification testimony from a deceased witness.

The State filed a response in opposition to Boston's petition asserting that the petition was not timely filed and that Boston failed to exhaust state court review of all of his claims and arguments.[20]

## III.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[21] applies to this petition, which is deemed filed in this court by Boston under the federal mailbox rule on April 14, 2016.[22]  The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default."  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[20]Rec. Doc. No. 12.

[21]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254 as applied to habeas petitions filed after its signing date of April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).   The AEDPA does not specify an effective date for its non-capital habeas corpus amendments.   Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[22]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).   The Clerk of Court filed Boston's properly presented federal habeas petition on May 16, 2016, and pauper status was granted on May 18, 2016.  Boston dated his signature on the original form petition on April 14, 2016.   This is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing to the Court.

In this case, the State contends that Boston's petition is not timely filed, and he has failed to exhaust state court review of all of his claims.  The record supports both defenses.

## IV.     **Exhaustion Doctrine**

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419.  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court in a procedurally proper manner.  *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78).  "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."  *Id*., 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the State's highest court, and

vice versa.  *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).   Furthermore, a petitioner does not fairly present a claim to the State's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised.  *Id*., 541 U.S. at 32.

In this case, the State argues and the record reflects that Boston has not exhausted state court review of a number of his arguments now asserted in this federal petition.   Specifically, in his sole writ application to the Louisiana Supreme Court, albeit untimely filed, Boston urged as he did on direct appeal that the Trial Court erred in denying his request to withdraw the guilty plea based on his counsel's failure to properly investigate and advise him concerning his potential exposure to a multiple offender bill if he was found guilty at trial.   Thus, review of his claim that the state trial court erred in denying the motion for new trial based on the flawed advice of counsel (claim 1(c)) arguably was exhausted where the state's highest court was given the opportunity for review in the untimely filed application.

As for the independent claim of ineffective assistance of counsel for failing to investigate and properly advise him about the multiple bill exposure, a claim recognized by the state appellate court, the record shows that the issue was presented to the Louisiana Fifth Circuit and the Louisiana Supreme Court through the specific reference to and adoption of the direct appeal brief.   However, based on the last reasoned opinion issued by the Louisiana Fifth Circuit, the state courts declined to consider the claim deferring it instead to post-conviction review, something Boston never pursued.   Thus, the state courts have not been given a fair opportunity to review this claim.

The remainder of the claims asserted in Boston's federal petition were not presented to any state court for review and certainly not presented to the Louisiana Supreme Court in a procedurally proper manner.   Review of those claims in the state courts was not exhausted.

Boston, therefore, has not allowed the state courts one full opportunity to review all of his claims through the Louisiana Supreme Court. This case, which includes one exhausted and numerous unexhausted claims, is therefore a "mixed petition," and it is subject to dismissal for that reason. *See Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420).

The Supreme Court has long required that a mixed petition like this one be dismissed without prejudice to allow the petitioner the opportunity for complete exhaustion. *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (citing *Rose*, 455 U.S. at 510). The *Pliler* Court recognized that a petitioner has two choices when faced with dismissal of a mixed petition: (1) return to the state courts to exhaust his claims in full; or (2) amend or resubmit his petition to raise only exhausted claims in the federal district court. *Id*. This choice is available to Boston.

The record discloses no good cause for Boston's failure to exhaust review of these claims, and this court can find none from its review of the record. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Normally, the Court would recommend that the petition be dismissed without prejudice for these reasons.[23] However, as discussed previously, the State also asserts that Boston's federal petition was not timely filed under the AEDPA. The failure to timely file this petition is dispositive of the matter and requires dismissal of Boston's petition <u>with</u> prejudice.

## V.     **Statute of Limitations**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[24] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). As calculated

---

[23]Without a showing of good cause for the failure to exhaust, petitioner is not entitled to a stay should one be requested. Stay-and-abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner. *Rhines*, 544 U.S. at 278. Stay-and-abeyance "should be available only in <u>limited</u> circumstances," (emphasis added), and is appropriate <u>only</u> when the court finds "good cause" for the failure to fully exhaust state court remedies on all claims raised. *Id*., at 277; *see also Pliler*, 542 U.S. at 233. There is no such showing here.

[24]The statute of limitations provision of the AEDPA provides for other triggers which do not apply in this case:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person

above, Boston's conviction was final under federal law on January 15, 2015. Pursuant to § 2244, Boston had one year from that date, or until January 15, 2016, to timely file a federal application for habeas corpus relief which he did not do. Thus, literal application of the statute would bar Boston's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

A.  **Statutory Tolling**

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*,

---

in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
  A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
  C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.[25] *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001) (a motion to withdraw a guilty plea is "other collateral review"), *overruled on other grounds*, *Carey*, 536 U.S. 214. A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

---

[25]Requests for document and transcript copies also are not "other collateral review" for purposes of the tolling calculation. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *1 (10th Cir. Apr. 12, 1999) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541, at *1 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of a transcript not required to file the application does not warrant equitable tolling).

In the instant case, the AEDPA filing period began to run on January 16, 2015, the day after Boston's conviction was final, and did so without interruption for 365 days, until January 15, 2016, when it expired. Boston had no properly filed state application for post-conviction or other collateral review pending during that time.

The Court recognizes that Boston submitted an untimely writ application to the Louisiana Supreme Court during that period on January 16, 2015. Boston has not provided the Court with any proof establishing that he submitted this pleading to prison officials any earlier than the postmark date indicated on the pleading and relied on by the State. *See Ray v. Clements*, 700 F.3d 993, 1008 (7th Cir. 2012).

This untimely filing did not change the finality of his conviction or provide him with statutory tolling. Under La. S. Ct. Rule X § 5, an application seeking review of a judgment by the court of appeal shall be filed or postmarked within thirty (30) days of the issuance of the judgment under review or denial of a timely filed application for rehearing. *Accord Wilson v. Cain*, 564 F.3d 702 (5th Cir. 2009).

As outlined above, the Louisiana Fifth Circuit affirmed Boston's conviction on direct appeal by its opinion issued December 16, 2014. Boston caused the pleading to be mailed to the Louisiana Supreme Court on January 16, 2015, which was thirty-one days after the appellate court's ruling. Boston did not meet the 30-day time limit allowed under La. S. Ct. Rule X § 5. A writ application which fails to comply with La. S. Ct. Rule X § 5 is not "properly filed" because it is untimely, and it is not pending as post-conviction review for purposes of the AEDPA's statute of limitations and tolling doctrines. *Butler v. Cain*, 533 F.3d 314, 318-19 (5th Cir. 2008); *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (failure to file state pleadings in the time-frame

provided for under state law rendered the pleadings not properly filed); *Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008) (same). The United States Supreme Court has made clear that "[w]hen a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (quoting *Carey*, 536 U.S. at 226). Boston's Louisiana Supreme Court writ application did not interrupt or toll the AEDPA filing period, which expired on January 15, 2016.

### B.  No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the

state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Boston has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation. The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling. The record instead reflects simply that the petitioner did not timely pursue federal habeas relief. There is no basis for equitable tolling in this case.

Boston's federal petition deemed filed on April 14, 2016, almost three months after the AEDPA filing period expired on January 15, 2016, was not timely filed in this Court and must be dismissed for that reason. Alternatively, should a reviewing Court find that Boston's Louisiana Supreme Court was timely filed thereby providing him tolling, or chooses to equitably toll any

part of the AEDPA filing period, Boston's petition should be dismissed without prejudice for failure to exhaust, unless he amends his petition to exclude the unexhausted claims to proceed only with the one exhausted claim.

## VI. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Boston's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DIMISSED WITH PREJUDICE** as time-barred; or alternatively, **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies, unless he amends his petition to exclude the unexhausted claims to proceed only with the one exhausted claim.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[26]

New Orleans, Louisiana, this 25th day of October, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.